## Prudential Ins. Co. of America v. Oaks.

March 12, 1940.

Flem D. Sampson, Judge.

Tye & Siler for appellant.

Zeb A. Stewart and L. O. Siler for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Joe M. Oaks, was employed by the Louisville & Nashville Railroad Company in 1924 as a switchman, and continued in its employ until December 31, 1931, when he was granted a leave of absence on account of reduction of forces. He has not worked for the railroad company since that date. On July 1, 1925, the Prudential Insurance Company of America insured the employees of the Louisville & Nashville Railroad Company under a group policy contract. An employee's certificate of insurance was issued to appellee. The policy and certificate provided for payment of total

and permanent disability benefits aggregating $2,000 if the insured employee should become totally and permanently disabled while employed by the railroad company. The policy and certificate also provided for payment of a special benefit of $500 for loss of vision in one eye if such loss of vision were total and irrecoverable and if "effected solely through external, violent, and accidental means and occurring within 90 days of the accident." The group policy of insurance expired on December 31, 1931. On July 15, 1938, Oaks brought an action against the Prudential Insurance Company of America to recover $500 for the loss of vision in his left eye and $2,000 total disability benefits. He alleged in his petition that on or about February 16, 1928, while the insurance contract was in full force and effect and while he was in the employ of the Louisville & Nashville Railroad Company in his capacity of switchman, he sustained injuries caused by external, violent, and accidental means, to wit, the wrecking of a train of cars on which he was riding, resulting in the loss of the sight of his left eye. He further alleged that as a result of said accident and injury he had become totally and permanently disabled; that he believed the injury was temporary at the time it was received, but that the condition of his eye gradually grew worse, and on or about January 5, 1937, he suffered the total loss of the sight of his left eye. On the trial of the case, the jury returned a verdict for the plaintiff for $2,500, and the insurance company has appealed. It insists that the trial court erred (1) in overruling its motion for a directed verdict in its favor; and (2) in giving instruction No. 1.

It is contended that the jury should have been instructed peremptorily to find for the appellant for the following reasons, among others, shown by the evidence: (1) Oaks' accident occurred in February, 1925, more than four months before the policy was issued; (2) he was not injured in any substantial manner; (3) his loss of vision in his left eye was caused by disease instead of by accident; (4) his loss of vision did not occur within 90 days of his accident nor until several years after the date of the accident; (5) his failure to make claim for more than 10 years after the date of the accident bars his right to recover any benefit.

In view of our conclusion that the evidence shows,

beyond any reasonable doubt, the accident in which appellee claims he received his injury happened before the policy was issued, we deem it unnecessary to review the evidence bearing on the other reasons assigned by appellant for a peremptory instruction in its favor.

Appellee, in his own testimony, described the accident in which he claims he received his injuries. He was indefinite as to the time it occurred. In his deposition, taken as if on cross-examination, he stated that it occurred in the autumn of 1928 or the early months of 1929. At the trial he testified that it occurred in the autumn of 1927 or in January or February, 1928. He finally stated that he thought it occurred in the morning of February 16, 1928. He did state definitely the nature of the accident, the place, the exact time during the day it occurred, and the name of the person with him. He testified that it occurred about 1:30 a. m. in the South Corbin yards at Bacon creek, and that the switch foreman, A. G. Baker, was with him and that Baker was suspended 20 days on account of the accident. He and Baker were riding on top of a box car during a switching operation at Bacon creek. There was a collision with another train, and the box car on which appellant and A. G. Baker were riding was wrecked, and appellant was thrown to the ground. He stated that dirt and other foreign substances got into his eye, and, on the following day, he was treated by a physician. He lost no time from his work on account of the injury. He introduced A. G. Baker as a witness, and Baker stated that the accident described by appellant happened in February, 1925. He stated that this was the only accident for which he was suspended for as long a period as 20 days. It was his duty as switch foreman to make a written report of all accidents giving the details, including a report of the injuries, if any, of any workman. He made a report of the accident for the files of the Louisville & Nashville Railroad Company, but did not report an injury received by appellant, as the latter made no complaint to him. H. C. Earls was yard foreman when the accident occurred, and it also was his duty to make a written report of all accidents. He made a report of the accident in which appellant was involved, but did not mention any injuries received by him. Earls testified that the accident occurred in February, 1925. He refreshed his memory as to the date of the accident

from the records of the Brotherhood of Railroad Trainmen, of which he was a member. These records showed the date when he was acting as yard foreman. The records of the Louisville & Nashville Railroad Company were introduced, and they showed that an accident, conforming in every detail to the accident described by appellant, occurred in the Corbin yards at Bacon creek at 1:15 a. m. February 14, 1925. The reports of the accident were submitted to the assistant superintendent on February 16, 1925. The foremen involved were A. G. Baker and H. C. Earls, and Baker received a 20-day suspension on account of the accident. The records showed that no accident similar to the one described by appellant occurred in the Corbin yards in February, 1928. These records were made contemporaneously with the accident, and their correctness is not assailed. The only testimony tending in the slightest degree to fix a different time for the accident is the uncertain testimony of appellant, based upon memory after the lapse of more than 10 years. An unimpeached record must be accepted in preference to parol evidence based on memory. Glasgow Ice Cream Company v. Fults, Adm'r, 268 Ky. 447, 105 S. W. (2d) 135; Duff v. May, 245 Ky. 709, 54 S. W. (2d) 4. When all the evidence is considered, there is no escape from the conclusion that the accident described by appellant occurred in February, 1925, more than four months before the policy on which he sues was issued. The evidence introduced by appellant as to the time of the accident, when weighed against the record evidence on the subject, is too uncertain and untrustworthy in view of the known vagaries of the human memory to make an issue for the jury, and the court erred in overruling the defendant's motion for a directed verdict in its favor. It may be said in passing that the medical testimony shows conclusively that the loss of vision in appellant's left eye was caused by disease and not traumatic injury.

All questions not passed upon are reserved.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.